**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| **DEREK HALE** | | **CIVIL ACTION NO: ______________** |
| | * | |
| **VERSUS** | * | **SECTION " " ( )** |
| | * | |
| **OMEGA PROTEIN, INC.** | | **SECTION 9(H) CLAIM** |
| | * | |

**ORIGINAL COMPLAINT**

Plaintiff Derek Hale brings this action complaining of Defendant Omega Protein, Inc. and will respectfully show the Court that:

**I.**

**Jurisdiction**

1. This claim is maintained under the Jones Act and general maritime law. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because Defendant does a substantial amount of their business in this District. Further, Defendant is a resident of this District.

## II.

## Parties

3. Plaintiff Derek Hale is an American citizen. As an American seaman, Plaintiff brings this action pursuant to Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security.

4. Defendant Omega Protein, Inc. is a Virginia corporation with its principal place of business in the State of Louisiana. It may be served with process by serving its registered agent, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

## III.

## Nature of the Action

5. This lawsuit is necessary as a result of injuries that Plaintiff received on or about September 8, 2009. On this date, Plaintiff, as a seaman, was acting in the course and scope of his employment for Defendant and was aiding the M/V CHAUVIN, a vessel owned, operated, and managed by Defendant, in its operations. Plaintiff was seriously injured when he was struck by a large metal object as he was assisting in the unloading of a fishing net.

6. Defendant was negligent and responsible for:

i. failing to properly supervise its crew;

ii. failing to properly train its employees;

iii. failing to provide adequate safety equipment;

iv. failing to maintain its vessel;

v. failing to provide adequate and immediate medical attention;

vi. its employees' negligent instructions and orders;

vii. failing to conduct its operations in safe waters; and

viii. other acts so deemed negligent.

7. At all relevant times, the M/V CHAUVIN was unseaworthy.

8. As a result of these occurrences, Plaintiff sustained severe and permanent injuries to his arms, knees, back, and other parts of his body. These occurrences and injuries occurred as a proximate result of the Defendant's negligence and gross negligence, in whole or in part, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

9. As a result of these occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress, and in all reasonable probability, the physical pain, physical impairment and mental anguish will continue indefinitely.

**10.** Plaintiff suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff incurred and will continue to incur pharmaceutical and medical expenses in connection with their injuries. As an American seaman, Plaintiff is also entitled to maintenance and cure. To the extent Defendants have failed to comply with their maintenance and cure obligations, such failure has been willful, wanton, arbitrary, and capricious, entitling Plaintiff to an award of punitive damages and attorneys' fees.

## IV.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendant requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against

Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, attorneys' fees, punitive damages, all costs of Court, and all such other relief, to which he may show himself entitled.

**Dated: February 1, 2010.**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/S/ Robert P. Wynne*

Robert P. Wynne
Louisiana State Bar No. 30123
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF DEREK HALE**