```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DEREK HALE                                   CIVIL ACTION

VERSUS                                       NO: 10-282

OMEGA PROTEIN, INC.                          SECTION: "A" (3)
```

### ORDER AND REASONS

Before the Court is a **Motion for Leave to Amend (Rec. Doc. 26)** filed by plaintiff Derek Hale. Defendant Omega Protein, Inc. opposes the motion. The motion, set for hearing on January 5, 2011, is before the Court on the briefs without oral argument.

The sole issue presented by Plaintiff's motion is whether he can amend his complaint, without Defendant's consent, to re-designate this case as one to be tried without a jury. For the reasons that follow, the motion is GRANTED.

### I. BACKGROUND

Plaintiff Derek Hale filed his Original complaint on February 1, 2010, seeking to recover for injuries sustained on September 8, 2009. Plaintiff alleges that he is a Jones Act seaman and that Defendant is his employer. Plaintiff claims serious injury from being struck by "a large metal object" as he was assisting in the unloading of a fishing net. (Comp. ¶ 5).

Plaintiff's Original Complaint contains the following statement:

1

> This claim is maintained under the Jones Act and general maritime law.  This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

(Comp. ¶ 1).  Notably, Plaintiff invoked no other basis for jurisdiction in federal court and Plaintiff did not demand a jury.

One week later, Plaintiff filed a First Amended Complaint ("FAC").  (Rec. Doc. 4).  The FAC is identical to the Original Complaint in all respects except that the FAC contains a new paragraph 11:  "Plaintiff demands a trial by jury."  (Rec. Doc. 4, FAC ¶ 11).  Defendant answered both complaints on March 24, 2010, and asserted its own jury demand.  (Rec. Doc. 6).

On April 22, 2010, the parties participated in a scheduling conference with the Court and the case was set for a trial by jury on December 13, 2010.  (Rec. Doc. 9).  On November 12, 2010, Plaintiff filed an unopposed motion to continue trial in light of uncertainty with respect to his medical condition.  (Rec. Doc. 19).  On November 18, 2010, the Court held a status conference in chambers to discuss the motion to continue.  The Court granted the motion to continue trial and set a follow-up status conference by phone to select a new trial date after Plaintiff undergoes surgery.  (Rec. Doc. 25).  That status conference will take place later this month.

Via the instant motion, Plaintiff seeks to file a Second Amended Complaint, which is in substance identical to the Original

2

Complaint, including the absence of a jury demand.  Plaintiff asserts that the purpose of this amendment is to designate this case as an admiralty and maritime case under Rule 9(h), and to withdraw his prior jury demand.  Defendant objects to the amendment contending that Defendant has now properly secured a right to a jury trial under the Seventh Amendment and by granting this motion that right will be destroyed.

## II.  DISCUSSION

The Court begins its analysis with two critical observations.  First, in both the Original Complaint and the FAC the sole jurisdictional basis alleged is the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.  Aside from expressly invoking admiralty jurisdiction, Plaintiff also invoked Rule 9(h), which allows a plaintiff to unequivocally designate a complaint as one in admiralty when the claim is also within the court's subject matter jurisdiction on some other ground.  Fed. R. Civ. Pro. 9(h)(1).  Of course, a trial by jury is not available to the litigants when the Court sits in admiralty *except as provided by a statute* such as the Jones Act.  Rachal v. Ingram Corp., 795 F.2d 1210, 1216 (5th Cir. 1986).

Second, Plaintiff has never invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Moreover, diversity jurisdiction is not even present on the face of the complaints because Plaintiff's state citizenship is never alleged.  The

complaints state only that Plaintiff is an American citizen. (Comp. ¶ 3; FAC ¶ 3). A pleading invoking jurisdiction in federal court must distinctly and affirmatively allege *the specific citizenship* of the parties, and subject matter jurisdiction cannot be established by inference. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1989). The Fifth Circuit has expressly rejected the contention that *factual* diversity, which Defendant contends is present in this case, triggers a defendant's right to a jury trial when Plaintiff expressly relies on another basis for jurisdiction. Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005). In other words, "the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction." Id. Further, because a Jones Act plaintiff possesses a statutory right to a jury trial even in the absence of diversity jurisdiction, Plaintiff's demand for a jury trial in the FAC did not convert his pleading into one invoking diversity jurisdiction. Thus, for purposes of this Court's analysis, this case must be treated as a non-diversity case.

In a non-diversity action under the Jones Act, 46 U.S.C. § 688, the seaman, on proper request, is entitled to a jury trial only by virtue of the Jones Act statutory grant. Rachal, 795 F.2d at 1213 (citing Fitzgerald v. U.S. Lines, 374 U.S. 16, 21 (1963)). When diversity is absent, the plaintiff's only right to a jury

arises under the Jones Act and it is a right that belongs exclusively to the plaintiff-seaman--not to the defendant. Id.; Linton v. Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1490 (5th Cir. 1992). Where the sole basis available for a jury trial is the Jones Act, the defendant has no right to a jury trial and the Seventh Amendment is simply not implicated. Rachal, 795 F.2d at 1214.

Rachal's implications for this case are clear. This is a non-diversity case and the sole basis upon which the pleadings support a jury demand by Plaintiff is the Jones Act, which is a statutory jury right granted solely to Plaintiff. As in Rachal, Defendant has never had the right to a jury trial and it has none to assert now.[1] Thus, the Seventh Amendment is simply not pertinent to the analysis. But Plaintiff did demand a jury, the case has been pending on the Court's jury docket for nearly a year, and absent a procedurally appropriate means to withdraw the jury demand, the case will stay on the jury docket. At this stage, Plaintiff has no absolute right to have the jury stricken and because the Seventh Amendment is not implicated, Defendant's only "right" to a jury trial is the extent to which the Federal

---

[1] Rule 38 of the Federal Rules of Civil Procedure governs the mechanics of asserting and withdrawing a jury demand and states that a proper demand may be withdrawn only if the parties consent. Fed. R. Civ. Pro. 38(d). But Rule 38 is not implicated here because Defendant never had the right to a jury trial and Rule 38 expressly mandates that it does not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h). That is exactly the case here.

Rules preclude Plaintiff from amending his complaint thereby leaving the extant jury demand in place.  Thus, the real question is whether Plaintiff is prohibited by the Federal Rules of Civil Procedure from amending his complaint.

Rule 15(a) governs amendments to pleadings before trial.  Contested amendments can only be made with leave of court and the court should freely give leave when justice so requires.  Fed. R. Civ. Pro. 15(a)(2).  In its sound discretion the Court will allow Plaintiff to amend his complaint and withdraw the jury demand.  The Court can discern no prejudice to Defendant from the amendment and again, Defendant has never had the right to a jury trial in this case.  Further, at this time the case it not even set for trial so Defendant will have ample time to adjust its trial strategy, if necessary, now that the case will be tried to the bench.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Leave to Amend (Rec. Doc. 26)** filed by plaintiff Derek Hale is **GRANTED.**  The Clerk shall enter Plaintiff's Second Amended Complaint into the record and a date for a trial WITHOUT a jury will be selected during the upcoming phone conference scheduled for **January 24, 2011**.

January 11, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE