```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


DEREK HALE                                   CIVIL ACTION

VERSUS                                       NO: 10-282

OMEGA PROTEIN, INC.                          SECTION: "A" (3)
```

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 49)** filed by plaintiff Derek Hale. Defendant Omega Protein, Inc. opposes the motion. The motion, set for hearing on July 6, 2011, is before the Court on the briefs without oral argument.

Plaintiff moves for partial summary judgment on the issue of maintenance and cure. For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

Plaintiff Derek Hale filed his Original complaint on February 1, 2010, seeking to recover for injuries sustained on September 8, 2009. Plaintiff alleges that he is a Jones Act seaman and that Defendant is his employer. Plaintiff claims serious injury from being struck by "a large metal object" as he was assisting in the unloading of a fishing net. (Comp. ¶ 5). It is undisputed that the large metal object struck Plaintiff's right arm. (Pla. Exh. A).

1

Plaintiff now moves for partial summary judgment as to maintenance and cure. Plaintiff has incurred significant medical bills for treatment to his back and knee.

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately

2

substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Generally an employer owes maintenance and cure to any seaman in its employ who suffers an injury while in the service of a vessel regardless of fault. Johnson v. Cenac Towing, Inc., 544 F.3d 296, 301 (5th Cir. 2008) (quoting Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1012 (5th Cir. 1994)). Once triggered, the maintenance and cure obligation terminates only when the seaman has reached the point of maximum medical cure. Pelotto v. L&N Towing Co., 604 F.2d 396, 400 (5th Cir. 1979).

Defendant contests the obligation to pay maintenance and cure based on its belief that the injuries that Plaintiff is complaining about, i.e., injuries to his back and knee, are unrelated to his forearm injury and were sustained after he left the service of the vessel. Plaintiff submitted his medical records for the Court's review and nothing in those records relates the back and knee injuries, which clearly manifested themselves after the accident, to the forearm injury. Dr. David Baskin, conducted an IME and opined that Plaintiff's knee and back injuries are not related to the accident at issue in this case. (Pla. Exh. F). Issues of fact as to causation preclude summary judgment at this time.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment**

**on Maintenance and Cure (Rec. Doc. 49)** filed by plaintiff Derek Hale is **DENIED**.

July 18, 2011

                              _____
                                          JAY C. ZAINEY
                              UNITED STATES DISTRICT JUDGE